IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| DEMETRUIS HOLDER, | : | Case No. 1:24-cv-388 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| PNC BANK N.A., | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 10). Plaintiff filed a Response (Doc. 14), to which Defendant filed a Reply in Support (Doc. 18). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**.

## BACKGROUND

Plaintiff Demetruis Holder, the trustee for the Holder Estate and Trust, allegedly entered an agreement with Defendant PNC Bank where Plaintiff "extended [Defendant $100 billion] in assets based on the acceptance of source data." (Arbitration Award, Doc. 6, Pg. ID 119.) Plaintiff then initiated arbitration proceedings, alleging that Defendant violated the Truth in Lending Act ("TILA") and that $100 billion should have been credited to Plaintiff's accounts based on the "source data value." (*Id.* at Pg. ID 119-120.) The arbitrator ultimately dismissed Plaintiff's claim on April 29, 2024, explaining that Plaintiff failed to state a claim because he cited no authority showing that Defendant

violated the TILA and—in any event—the statute of limitations barred relief. (*Id.* at Pg. ID 121.) Accordingly, Plaintiff was ordered to pay the administrative fees and expenses for the award. (*Id.*)

Plaintiff filed his Complaint before this Court on September 3, 2024, seeking to vacate the arbitration award, alleging that it violates the Takings Clause of the Fifth Amendment. (Compl., Doc. 6, Pg. ID 114.) Defendant then moved to dismiss the Complaint, arguing that it is untimely and fails as a matter of law. (Motion, Doc. 10.)

## LAW & ANALYSIS

The Federal Arbitration Act ("FAA") "expresses a federal policy favoring arbitration." *Samaan v. Gen. Dynamics Land Sys.*, 835 F.3d 593, 600 (6th Cir. 2016) (quotation omitted). "When courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* (quoting *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 305 (6th Cir. 2008)). Defendant moves for dismissal arguing that Plaintiff's Complaint is both untimely and that it fails as a matter of law. (Motion, Doc. 10.) The Court will first consider the timing of the Complaint.

Under the FAA, "[a] party must provide notice that it will ask a district court to vacate, modify, or correct an arbitration award 'within three months after the award is filed or delivered.'" *Bachman Sunny Hill Fruit Farms, Inc. v. Producers Agric. Ins. Co.*, 57 F.4th 536, 541 (6th Cir. 2023) (quoting 9 U.S.C. § 12). A party's failure to provide notice within this period "forfeits the right to judicial review of the award." *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1212 (6th Cir. 1982). Here, the arbitration award was issued

on April 29, 2024. (Arbitration Award, Doc. 6, Pg. ID 122.) Plaintiff did not file his Complaint and issue a summons until September 3, 2024, over four months after the arbitration award was issued. (Compl., Doc. 6; Summons, Doc. 7.) Plaintiff offers no justification for the untimeliness of this notice either. Thus, by failing to provide the required notice within the three-month period, Plaintiff forfeits his right to judicial review of the arbitration award. *See Robinson v. Champaign Landmark, Inc.*, 326 F.3d 767, 772 (6th Cir. 2003) (affirming denial of an objection to an arbitration award that was not filed within the three-month deadline); *Top Kick Prods., Inc. v. Lewis*, No. 6:31-CV-52, 2022 U.S. Dist. LEXIS 156621, at *7 (E.D. Ky. Apr. 3, 2022) (denying an untimely request to vacate an arbitration award). Since 9 U.S.C. § 12 precludes this Court's review of the merits of Plaintiff's Complaint, the Court will not consider Defendant's second argument that the Complaint fails as a matter of law.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**;
2. Plaintiff's Complaint (Doc. 6) is **DISMISSED WITH PREJUDICE**;
3. The case is terminated from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

3